. EX PARTE MÜLLENHOFF, APPELLANT. THE PEOPLE, CONTESTANT.

APPEAL from the District Court of San Juan, Section 1.

No. 907.—Decided April 16, 1913.

DOMINION-TITLE PROCEEDINGS—INTERVENTION BY FISCAL—EVIDENCE.—Evidence in
support of the opposition to proceedings to secure dominion title should not
be introduced by the *fiscal* when he is heard in regard to the evidence already
introduced, but at the time fixed for the presentation of evidence, with notice
to and a hearing of the petitioner.

ID.—FUNCTIONS OF THE FISCAL.—The functions of a *fiscal* in proceedings 'to
secure dominion title are limited to his intervention therein for the purpose of
seeing that the law is complied with or to defend the rights of The People
when the latter conflict with the interests of the petitioner, and he is in no
case authorized to take steps to defend the rights of private persons.

The facts are stated in the opinion.

*Mr. Manuel Moraza* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

On January 17, 1912, William E. Müllenhoff instituted
proceedings in the District Court for the judicial district of
San Juan to establish dominion title to a property described
as follows:

"A rural property situated in the ward of Cupey, municipality of
Río Piedras, composed of 25 *cuerdas,* equivalent to 9 hectares, 32 ares,
and 4 centiares, more or less, and bounded on the east by properties
of Pilar Pizarro Travieso and Angela Serrano; on the south by prop-
erty belonging to Francisco Astasio; on the west by property be-
longing to the Succession of Francisco Monzón; and on the north
by property of Antonio Travieso, now belonging to María Cruz and
Ramón Rodríguez."

In the initiatory petition of the proceedings Müllenhoff
alleged that he had acquired said property on January 15,
1912, by purchase from Julio Maisonet Rivera, who had ac-
quired the same on March 13, 1911, from the spouses, Pilar
Rivera and Angela Serrano; that Pilar Pizarro had inherited

the said property more than 20 years before from his father, Celedonio Pizarro, who had been in prior possession thereof for more than 10 years; that the possession of Müllenhoff as well as that of his predecessors in interest had been quiet, peaceful, in good faith, under lawful title, and uninterrupted; that the said property was free from any encumbrances; that its value is $2,000, and that the petitioner was without a written dominion title.

After serving notice upon the *fiscal* for the district of San Juan, the former possessor of the realty was cited to appear and edicts were published three consecutive times in the newspaper known as *The Times* to the effect that all persons who might have any property rights in the real property described and unknown parties whose interests might be prejudiced by the granting of the petition should appear in opposition thereto within a period of 60 days, which period elapsed without the appearance of any one to object to the granting of the dominion title asked for.

After examining the evidence submitted by Müllenhoff, which consisted solely of the testimony of the witnesses, Juan Santos García, Julio Maisonet, Antonio González, José Reverón, and Fernando Trinidad Rodríguez, a hearing was given the *fiscal,* who argued that the proceedings should not be approved for the reason that according to a deed executed on March 13, 1911, before the notary, José E. Díaz, by Pilar Travieso and Angela Serrano, the property in question was a segregation from another property of 85 *cuerdas* recorded on page 208, volume 20 of the Registry of Property of Río Piedras, which record had been made by virtue of possessory title proceedings instituted before the Municipal Court of San Juan, and that under No. 4594 another dominion title proceeding had been pursued against two parcels of land of 33 and 55 *cuerdas* and that from the latter—that of 55 *cuerdas*—the piece of land to which dominion title is now sought to be obtained appears to have been segregated.

The *fiscal* presented several documents in support of his

contention tending to sustain the facts on which he based his objection and the court after reviewing the record and the report of the *fiscal* entered an order on April 29, 1912, dismissing the petition of Müllenhoff praying for a dominion title in his favor to the property hereinbefore described and for the corresponding decree authorizing its admission to record in the registry of property.

Thereupon Müllenhoff moved for a reconsideration of the case, praying that the evidence introduced by the *fiscal* be stricken from the record and that his dominion title be declared proven on the strength of the evidence submitted by the petitioner and duly admitted and examined. In an order of May 13, 1912, the court denied the reconsideration, holding that in the case at bar no written title is lacking because the possessory title to the property is recorded in the registry of property, and that the evidence introduced was not sufficient to prove the title.

From this decision of the court Müllenhoff's attorney took an appeal to this court.

The appellant alleges as grounds for the appeal that the trial court was in error in admitting the evidence introduced by the *fiscal* in the absence and without the knowledge of the petitioner and after the hearing, thereby infringing subdivision 3 of article 395 of the Mortgage Law in failing to recognize the right of the petitioner to record his title of ownership in the registry of property after he had proven the same conclusively and complied with all the required legal formalities and because although the possession of the said property had been recorded in the registry only the registrar was authorized to grant or deny the recording of the ownership thereof.

Article 395 of the Mortgage Law provides that any person in possession who may not have a written title of ownership, without regard to the time when the property was acquired, may record said ownership by complying with the formalities specified in said article, among which appears the

one set out in subdivision 3 which the appellant cites as having been violated. Said subdivision 3 provides that the judge shall hear the *fiscal* and the other persons who may have appeared in the proceedings on the claims and evidence submitted in writing, and considering the allegations in connection with said evidence, weighed in a reasonable manner, he shall decide whether the ownership of the property in question has been proven or not.

If in compliance with the third subdivision of article 395 of the Mortgage Law the *fiscal* and others who have appeared in the proceedings are to be heard on the claims and the evidence introduced, manifestly the evidence must be introduced prior to such hearing, and the latter hearing is not the proper time to introduce evidence tending to offset the value and efficacy of the evidence introduced by the petitioner in the proceedings.

In proceeding in the manner in which it did, admitting the documents offered by the *fiscal* when the proceedings had been referred to him after the evidence was concluded, the trial court not only infringed subdivision 3 of article 395 of the Mortgage Law, but also violated the rudimentary rule of procedure by admitting evidence without giving notice to and hearing the party whom it might prejudice, thus depriving him of his right to object to its admission and to take exceptions thereto.

Nor was the introduction in evidence of the documents in question the duty of the *fiscal*.

In commenting upon the provisions of the Mortgage Law relative to possessory title proceedings Galindo and Escosura say:

"The *fiscal* may intervene in possessory title proceedings in two distinct capacities; as representative of the law or of the State. In the former case he is required to see that the law is complied with and should he observe any flaws in the proceedings, it is his duty to oppose the approval thereof. If he intervene as the State's representative

to protect any interest it may have in a possessory title proceeding, then his status is that of a private individual."

The court applied the foregoing doctrine to the case of *González* v. *The People,* which did not treat of possessory title proceedings but of dominion title proceedings, and we then said:

"* * * in accordance with the provisions of article 395 of the Mortgage Law this class of dominion title proceedings can only be had with the attendance of the *fiscal,* not only that he should see that the law is complied with in all respects, but in order that he may at all times defend the interests of The People of Porto Rico when in his belief such interests may be impaired by the petitioners in such a proceeding." *González* v. *The People,* 10 P. R. R., 458, 462.

As will be seen, the functions of the *fiscal* should be limited to seeing that the proceedings conform to the formalities required by law and to prevent the prejudicing of the interests of The People of Porto Rico. The documents accompanying the *fiscal's* report in the case at bar neither tended to show that any rules of procedure had been violated nor were they directed to the defense of the interests of The People of Porto Rico, which interests are entrusted to his care but not those of private parties who might be prejudiced by the approval of the proceedings.

But the infraction of subdivision 3 of article 395 of the Mortgage Law is not a sufficient legal reason on which to base a reversal of the order appealed from for said order rests upon the insufficiency of the evidence introduced to prove the ownership title claimed.

Let us consider the testimony of the five witnesses who testified in the proceedings.

Juan Santos García said that Müllenhoff had been in possession of the property in question since January 15, 1912, when he acquired the same from Julio Maisonet who had been in possession thereof for a long time, and that said property is bounded on the east by lands of Pilar Pizarro, of one

Torregrosa and also of Angela Serrano, and on the south by properties of one Cruz and a woman named Ramos, but he was unable to remember the exact point of the boundary of the former or his given name.

Julio Maisonet testified that the property is bounded on the east by the properties of Pilar Pizarro and Angela Serrano, the lands of one Francisco Monzón being situated on the same side; on the south by the lands of Francisco Astasio, and on the north by the lands of Pilar Pizarro and his wife; that he does not remember any other boundaries; that he acquired the property in question from Pilar Pizarro and Angela Serrano in 1911 and on January 15 of the following year he executed a deed conveying the same to Müllenhoff; that the said Pilar had acquired the property from his father, Celedonio Pizarro, and retained possession of it for more than 40 years.

Antonio González testified to the same boundaries as are set forth in the initial petition of the proceedings, adding that Maisonet sold the property to Müllenhoff by a public deed of January 15, 1912, the property having been sold previously by Pilar Pizarro to Maisonet in the same manner and that the possession by Pilar Pizarro dates back more than 20 years, he having inherited the said property from his father.

José Reverón testified that the property is bounded on one side by the lands of Francisco Astasio; on another by those of the Succession Monzón; and on the other two by the lands of the vendor; that Müllenhoff purchased the property from Julio Maisonet in 1912, and that Maisonet acquired the same from Pilar Pizarro who had inherited it from his father. The said José Reverón failed to state the length of time each of the foregoing persons had possessed the property.

Fernando Trinidad Rodríguez testified to the same boundaries as were given by the petitioner and explained that Müllenhoff had acquired the property from Julio Maisonet

who acquired the same by deed of sale from Pilar Pizarro, the latter having inherited the property from his father, adding that Pilar Pizarro had been in possession of the property about 18 or 20 years.

With such evidence we cannot see that the court below committed error in finding that there was not sufficient evidence to warrant the granting of the ownership title prayed for.  Nor has the petitioner endeavored to show such error by citing any provision of the Law of Evidence which may have been infringed, but has limited himself in his brief to the allegation that he has proven conclusively his ownership of the property and complied with all the legal formalities.

Furthermore, the petitioner, Müllenhoff, alleges in the initial petition of the proceedings that he is without a written title of ownership, whereas from the evidence introduced it is shown that he has such title, and he has not made the slightest allegation to the effect that the same is not recordable in order thus to claim that it is tantamount to no title and to place himself in a position to avail himself of article 395 of the Mortgage Law for the purpose of proving the ownership in question.

The contention that the record of the possessory title to the property in the registry of property is no bar to a decree to the effect that the ownership of the said property has been proven does not favor the appellant because, granting that the said contention is correct, it cannot stand for the reason that, as already stated, the evidence introduced is not sufficient to prove the ownership.

The order appealed from must be affirmed on the ground that the evidence is not sufficient to establish the ownership of the property claimed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.